WILLIAM A. STEVENS, attorney-general of New Jersey, complainant,

*v.*

THE ATLANTIC AND SECURITY MUTUAL ASSOCIATION, CONSOLIDATED, an association of New Jersey, defendant.

[Decided May 24th, 1933.]

*Mr. Richard C. Plumer,* assistant attorney-general, for the complainant.

*Mr. George A. Douglas,* for the defendant.

BACKES, V. C.

The bill prays for a subpœna commanding the defendant to appear before the attorney-general to make discovery as provided by the Securities act alleging that the defendant refused to make discovery after subpœna issued by him. An injunction, until, is also sought. The defendant resists, contending that as a corporation formed under the non-pecuniary Corporation act it is not amenable, and, consequently, that court is without jurisdiction. How the defendant came into being and its functions are immaterial at this juncture of the proceeding. In *Katzenbach, Attorney-General,* v. *Tomadelli Electronic Co., 104 N. J. Eq. 217; 144 Atl. Rep. 920,* the court of errors and appeals adopted the view of this court. It was held that it rests absolutely with the attorney-general when and whether an investigation should be made and that he need not in the first instance allege and establish the guilt of the defendant of fraudulent sales and that that may come on a supplemental bill for a permanent injunction after discovery by the defendant. It was there pointed out that all the attorney-general need allege, to procure the court's aid, is that it "appears" to him that the defendant has, is or is about to engage in the sale of, &c., or that he believes it to be in the public interest that an investigation should be made.

A subpœna will issue. An injunction will go on a further showing that the subpœna is disobeyed and proceedings for contempt will be entertained.